The Honorable Timothy W. Dore
Hearing Date: April 23, 2021
Hearing Time: 9:30 a.m.
Location: Telephonic

J. David Huhs
WSBA No. 37990
Laurel Law Group, PLLC
5806 119th Ave. SE, Ste. A #288
Bellevue, Washington 98006
(206) 745-2044

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>KIMBERLY JO LINEBARGER,<br><br>Debtor. | **CASE NO.: 11-24753-TWD**<br><br>**CHAPTER 7**<br><br>**CREDITOR'S OPPOSITION TO DEBTOR'S MOTION TO AVOID JUDICIAL LIEN OF RIVER RIDGE TOWNHOMES ASSOCIATION** |

COMES NOW creditor, River Ridge Townhomes Owners' Association, a Washington non-profit corporation ("Association"), and hereby states its opposition to Debtor's motion to avoid the Association's judicial lien.

## I.     FACTS

The Association obtained a Default Judgment against Debtor under King County Superior Court Cause No. 11-2-22037-1 KNT for the Total Judgment Amount of $7,603.37 on July 17, 2011 (the "Judgment"). *Declaration of J. David Huhs ("Huhs Decl.), at Ex. 1.*[1] The Judgment

---

[1] References to "*Huhs Decl*." are to the Declaration filed in support of Association's Motion for Relief from Order Shortening Time.

CREDITOR'S OPPOSITION AND RESPONSE TO
DEBTOR'S MOTION TO AVOID JUDICIAL LIEN
Page - 1

was filed with the King County Superior Court on July 25, 2011. *Huhs Decl.*, at Ex. 2. The Judgment provides for interest on the Total Judgment Amount at the rate of 12% per annum from the date of filing. Through April 20, 2021, interest of $9,490.13 has accrued on the Total Judgment Amount, after accounting for garnishment judgments and funds received through garnishment (1,350.00 of which were refunded to Debtor). *Supplemental Declaration of J. David Huhs* ("*Huhs Supp. Decl.*") at Ex. A. The Judgment was recorded with the recording officer of King County, Washington on August 4, 2011. *Huhs Decl.* at Ex. 1.

After entry of the Judgment, Creditor pursued attempts to garnish Debtors' wages and bank accounts *Huhs Decl.*, at ¶4, Ex.3. Debtor petitioned for relief under Chapter 7 of the Bankruptcy Code on December 23, 2011. The Association was a creditor in that case. Debtor's bankruptcy case was closed on April 2, 2012.[2]

On June 4, 2012, Debtor filed an adversary case against the Association to turnover funds garnished by the Association based on its Judgment and sought damages for violation of the automatic stay. *See Dkt #27*. The adversary proceeding was based on the same Judgment which Debtor now seeks to avoid as a judicial lien. The adversary proceeding was resolved by a Stipulated Order for Voluntary Dismissal with prejudice on August 22, 2012. *Declaration of J. David Huhs*, at Ex. 3. At no time during the pendency of Debtor's bankruptcy case, in the adversary proceeding, or in the more than nine years afterwards did Debtor move to avoid Plaintiff's Judgment lien against the Subject Property.

---

[2] Creditor's Motion for Relief from Order Granting Debtor's Motion for Order Shortening Time incorrectly lists the date of closure as September 13, 2012, which was the date the Adversary Case between Debtor and Creditor was Closed.

CREDITOR'S OPPOSITION AND RESPONSE TO
DEBTOR'S MOTION TO AVOID JUDICIAL LIEN
Page - 2

Case 11-24753-TWD    Doc 39    Filed 04/20/21    Ent. 04/20/21 16:18:42    Pg. 2 of 13

As of the date of the petition, the Association's Judgment attached to the property at 31900 104th Avenue SE, #B-103, Auburn, WA 98092 ("Subject Property"). Debtor listed the value of the Subject Property on Schedule A as $80,000. *See Debtor's Schedule A*. Because Debtor did not seek to avoid the Association's judicial lien, the value of the Subject Property was not challenged or proven in the bankruptcy case. However, per the King County Assessor's tax rolls, the Debtor substantially undervalued the premises by $69,000. The King County Assessor valued the Subject Property as $149,000 for tax year 2011. *Huhs Supp. Decl*. at Ex. B. The Subject Property has a tax assessed valuation of $210,000 for tax year 2021. *Id.* Debtor has not submitted proof regarding the fair market value of the Subject Property at the time of the petition for relief or at present. The facts and increasing values of real estate indicate the value of the Subject Property has increased substantially since the date of filing of the petition.

Per Debtor's Schedule D, at the time of filing, the Subject Property was encumbered by a first position deed of trust in the amount of $146,762.12 and HOA lien for unpaid dues owed to Emerald Point HOA of $290.63. Because this was a no asset case, neither secured creditor submitted proofs of claim. This makes it impossible to know or verify the amount of the secured claims, especially on shortened time, and since the case has been closed for more than nine years.

Even assuming arguendo that Debtor's valuations of the secured liens were correct as of the date of the petition, those secured claims were less than the tax assessed value of the Subject Property for 2011 by $2,237.88.[3] The fair market value could certainly have been higher, but due to Debtor's delay in bringing her motion and the Association having shortened time to respond, the fair market value of the Subject Property has not been determined. Debtor exempted $5,947.25

under 11 USC § 522 (d)(1), not the allowed exemption of $21,625.00. In determining whether the Debtor's exemption is impaired, the amount Debtor exempted of $5,947.25 is the applicable figure.

In order for the Court to find that the Association's judicial lien impairs Debtor's claimed exemption of $5,947.25, the Court must first accept Debtor's values for the Subject Property and secured claims, disregarding that Debtor's exemption is not alleged to be currently impaired. Debtor has stated the Subject Property is under contract for sale, but she has not disclosed the sale price. Presumably, this is because Debtor is going to sell the Subject Property for at least its tax assessed value of $210,000 in hope of retaining far more equity than the $5,957.25 exemption she originally claimed even if the Association's Judgment lien were paid from the proceeds of the sale.

Regardless of the date set for establishing the exemption valuations, the Association has been prejudiced by Debtor's delay in not seeking to avoid the lien despite having ample opportunity and time to do so. Debtor should not be given the benefit of such delay to the prejudice of the Association.

## II. EVIDENCE RELEID UPON

The Association relies on the Declaration of J. David Huhs in support of Creditor's Motion for Relief from Order Granting Debtor's Motion for Order Shortening Time to Hear Motion for an Order Reopening Closed Case and Motion for an Order Avoiding Judicial Lien of River Ridge Townhomes Association, and exhibits thereto;

The Supplemental Declaration of J. David Huhs and exhibits thereto filed herewith; and

The records, and documents on file with this Court.

---

[3] ($149,000 - $146,762.12)

CREDITOR'S OPPOSITION AND RESPONSE TO
DEBTOR'S MOTION TO AVOID JUDICIAL LIEN
Page - 4

Case 11-24753-TWD    Doc 39    Filed 04/20/21    Ent. 04/20/21 16:18:42    Pg. 4 of 13

## III. ISSUES PRESENTED

Whether the Court should deny Debtor's Motion to Avoid Judicial Lien where Debtor has delayed in making the motion for more than nine years despite prosecuting an adversary complaint against the Association based on the same Judgment?

Whether the Court should deny Debtor's Motion to Avoid Judicial Lien because Debtor has failed to prove the fair market value of the Subject Property and has prejudiced the Association in being able to defend against the unsupported valuations provided in her bankruptcy schedules?

Whether avoidance of the Association's judicial lien is barred by the doctrine of res judicata because Debtor previously prosecuted claims arising from the same Judgment in an adversary case against the Association that was dismissed with prejudice?

## IV. ARGUMENT

### A. The relief Debtors seek is barred by the doctrine of laches.

Laches is an equitable doctrine that may apply when there is an unreasonable or unexcused delay by the party asserting the claim and the defending party is prejudiced by the lack of diligence. *Greenwell v. Carty (In re Carty)*, 149 B.R. 601, 603 (9th Cir. BAP 1993). In other jurisdictions, laches can serve as a bar to reopening a bankruptcy case. While this does not appear to be the case in the Ninth Circuit, laches may still be argued as a defense to avoiding a lien. *In re Smith*, LEXIS 1912 (Bankr. Dist. Of Oregon, July 16, 2020). In *Smith*, the Bankruptcy Court for the District of Oregon summarized the relevance of laches in bankruptcy cases as follows:

> 'Laches is an equitable affirmative defense available for actions that do not have a specific applicable statute of limitations.' *Huseman v. Icicle Seafoods, Inc.*, 471 F.3d 1116, 1125 (9th Cir. 2006). As the Ninth Circuit earlier explained, "[T]he equitable doctrine of laches. . . is a relevant and necessary doctrine in the

bankruptcy context." *Beaty v. Selinger (In re Beaty)*, 306 F.3d 914, 922 (9th Cir. 2002) (internal citations omitted) laches applied to creditor's claim of nondischargeability, notwithstanding that *FRBP 4007(b)* allowed such claim to be brought "at any time"). *In re Smith*, LEXIS 1912 (Bankr. Dist. Of Oregon, July 16, 2020).

In *Smith,* the Court noted that "[n]umerous bankruptcy courts have applied laches in the context of motions to avoid judicial liens under *§ 522*."

While the Debtor has the burden of proving the elements for lien avoidance under *11 USC § 522*, the party asserting laches as the burden of proving its defense. *Id.*, See also, *In re Levy*, 256 B.R. 563 (Bankr. D. N.J. 2000) (Laches is a limitation on granting motions to reopen for lien avoidance; burden to prove elements of defense on laches rests with party asserting it). The elements of laches are only two: (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." *In re Smith*, citing *In re Beaty*, 306 F.3d 914, 926 (9th Cir. 2002); See also, *In re Carty*, 149 B.R. at 603.

"[T]he bare fact of delay creates a rebuttable presumption of prejudice" in evaluating laches. *In re Smith at 3*, citing *Shook v. McDonald (In re Shook)*, 278 B.R. 815, 830 (9th Cir. BAP 2002) (citing *Int'l Tel. & Tel. Corp. v. Gen. Tel. & Elec. Corp.*, 518 F.2d 913, 926 (9th Cir. 1975). *In Smith*, the debtors delayed in moving to avoid the judgment lien for over ten years from the bankruptcy filing date and nearly seven years after case closing. The court found the delay too long to avoid the creditor's lien. In the present case, Debtor's delay ran nine years after case closing. In both cases, the Debtors had knowledge of the judgment. Having established a delay, the Association has established the presumption of prejudice.

The following factors established by the Ninth Circuit BAP in, *In re Ricks*, 89 B.R. 73, 76 (9th Cir. BAP 1988), support a finding of prejudice:

(1) vigor with which the ... creditor pursued the debtor prior to the filing of the bankruptcy petition;

- The Association pursued judgment enforcement actions pre-petition, expending time and money on those efforts and further making the Debtor aware of the existence of the Judgment.

(2) communication of positions by and between debtor and ... creditor after filing the petition and prior to discharge;

- Debtor brought an adversary proceeding against Creditor concerning the very same Judgment for which Debtor now seeks to avoid the judicial lien.

(3) motivating cause of failure to file lien avoidance complaint prior to discharge;

- Debtor has not given a reason why she failed to file a lien avoidance complaint prior to discharge.

(4) length of time between discharge and filing of the lien avoidance complaint;

- Debtor delayed over nine years from the date of discharge to seek to avoid the Association's judicial lien.

(5) reasons for delay in filing lien avoidance complaint;

- See # 3 above

(6) prejudice to the ... creditor; and

- The Association is prejudiced in terms of loss of documents, inaccessibility or unavailability of witnesses, fading memories, and the additional time and expense associated with challenging valuations given to the Subject Property, secured claims, and exemptions after a delay of nine years. Further, the Association having relied upon the finality of the dismissal in the adversary proceeding as resolving Debtor's claims against the Association, and having not had its lien avoided, relied on its judicial lien rights and the potential sale or refinance of the Subject Property to recover on the Judgment. The Association is able to renew the Judgment as against the Subject Property. The opportunity to renew the Judgment arises just a few days following the scheduled hearing on Debtor's motion to avoid lien. The Association had intended and intends to renew its Judgment. Notably, the Association is constrained in renewing its Judgment until ninety (90) days before the date the Judgment would otherwise expire on July 25, 2021.

(7) good faith, or lack thereof, of the creditor.

- Debtor has not alleged any bad faith on the part of the Association, except perhaps with respect to its Adversary Proceeding against the Association which was dismissed more than eight years ago with prejudice.

While it is not necessary to demonstrate that each of the factors supports a finding of prejudice, in the present case, they all do. Having established both delay and prejudice, the equitable doctrine of laches should be applied in denying Debtor's Motion to Avoid the Association's Judgment lien.

**B.     Dismissal of Debtor's prior adversary case against the Association with prejudice precludes subsequent action to avoid the Association's judicial lien.**

The Supreme Court has noted that "Congress has long provided that orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case." *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1692, 191 L. Ed. 621 (2015) (citing *Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 657 n.3, 126 S. Ct. 2105, 165 L. Ed. 2d 110 (2006)). A dismissal Order terminates the entire adversary proceeding as to all defendants and finally disposes of discrete disputes within the larger bankruptcy court. *Id.* at 1692. The term "res judicata" refers to the effect of a judgment on the merits in barring a subsequent suit between the same parties or their privies that is based on the same claim. *McDonald v. West Branch* 466 U.S. 284, 287, 104 S. Ct. 1799, 1801, L. Ed 302, 306 (1984) (internal citations omitted). See *Parklane Hosiery Co.* v. *Shore*, 439 U.S. 322, 326, n. 5 (1979). By contrast, "[under] collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Id.*, citing *Allen* v. *McCurry*, 449 U.S. 90, 94 (1980). A dismissal and closing of an

adversary proceeding significantly alters the legal relationship between the parties vis-à-vis the bankruptcy case, an indicia of finality highlighted by the Court in *Bullard*. *Integrated Fin. Assocs. v. Blanchard (In re Blanchard)*, 545 B.R. 18, 35 (Bankr. C.D. Cal. 2016).

In the present case, Debtor brought an adversary case against the Association in underlying bankruptcy case. In the adversary proceeding, Debtor sought to force the Association to turnover funds garnished by the Association based on its Judgment against Debtor and sought damages for violation of the automatic stay. The Association refunded $1,350.00 to the Debtor with respect to the garnishments. See *Huhs Supp. Decl*. at Ex. A. The adversary proceeding was based on the same Judgment for which Debtor now seeks to avoid the Association's Judgment lien. The adversary proceeding was resolved by a stipulated order for voluntary dismissal which was entered with prejudice. A dismissal with prejudice indicates the finality of the order for issue and claim preclusion purposes. Neither in the adversary proceeding nor by motion in the underlying bankruptcy case did the Debtor move to avoid the Association's Judgment lien against the Subject Property. Under the doctrines of res judicata and collateral estoppel, Debtor should be estopped from avoiding the judicial lien based on the same Judgment that was the subject of her adversary proceeding and which she had the opportunity to litigate in that proceeding..

**C.    If the Bankruptcy case is reopened, the Association's lien should not be avoided and, in any case, the proceeds of sale above Debtor's claimed exemption should be ordered to be deposited in the Court's registry.**

Under § 522(f)(1), a debtor may avoid a lien if three conditions are met: (1) there was a fixing of a lien on an interest of the debtor in property; (2) such lien impairs an exemption to which the debtor would have been entitled; and (3) such lien is a judicial lien. *In re Chiu*, 266 B.R. 743,

752-753 (9th Cir. BAP 2001), aff'd 304 F.3d 905. In a Motion brought pursuant to CR 522(f), the Debtors' exemption rights and lien avoidance rights are determined as of the date the bankruptcy petition was filed. *In re Salanoa,* 263 B.R. 120, 122-123 (Bankr. S.D. Cal. 2001).

However, the trustee on behalf of the bankruptcy estate is entitled to recover any post-petition appreciation in the value of homestead property. *In re Gebhart*, 621 F.3d 1206 (9th Cir. 2010); *In re Blue*, LEXIS 2937 (Bankr. E.D. Wash October 20, 2006). *Gebhart* involved consolidated appeals involving Nikalous Gebhart, a resident of Arizona, and the Chappells, residents of Washington. In the Gebhart bankruptcy, the Chapter 7 debtor claimed homestead exemptions under Ariz. Rev. Statutes § 33-1101(A) at a time where home equity was less than the exemption amount. Gebhart continued to reside in his house after receiving his discharge and even refinanced his mortgage. More than two years after discharge, the Trustee asked the bankruptcy court to approve the appointment of a real estate broker to sell the home for the benefit of the estate, believing the house had increased substantially in value since the time of the bankruptcy filing. *In re Gebhart*, at 1208. The bankruptcy court ruled in favor of the Trustee by ordering the appointment of a real estate broker over Gebhart's argument that the value of the homestead for purposes of the bankruptcy had been locked in at the time of the bankruptcy filing. *Id*. at 1209.

The Chappells' story was similar to that of the Gebhart. *In re Gebhart*, at 1209. The Chappells filed for Chapter 7 at time when their equity was less than the amount they were allowed to claim under 11 USC 522(d)(1). *Id.* The Chappells received their discharged. Two years after the bankruptcy petition was filed, the Chappells' mortgagee moved for relief from stay to foreclose on the homestead property. The Trustee responded that he believed the fair market value of the homestead property had increased substantially since the bankruptcy filing, and asked permission

CREDITOR'S OPPOSITION AND RESPONSE TO
DEBTOR'S MOTION TO AVOID JUDICIAL LIEN
Page - 10

Case 11-24753-TWD    Doc 39    Filed 04/20/21    Ent. 04/20/21 16:18:42    Pg. 10 of 13

to attempt to sell the property and keep the excess recovered for the benefit of the estate. The bankruptcy court ruled that the homestead had passed entirely out of the estate when the Chappells had claimed all of their equity in it as exempt and the Trustee failed to object. The Trustee appealed and the BAP reversed the bankruptcy court's decision, holding the post-petition appreciation in the homestead property belong to the estate. *Klein v. Chappell (In re Chappell)* 373, B.R. 73, 83 (9th Cir. BAP 2007).

On appeal, the Ninth Circuit Court of Appeals ruled that "the homestead exemptions available to the debtors in both of these cases, however, do not permit the exemption of entire properties, but rather specific dollar amounts." *In re Gebhart*. at 1210. The Ninth Circuit noted that the Supreme Court had recently clarified, in *Schwab v. Reilly (In re Reilly)*, 130 S. Ct. 2652, 177 L. Ed. 2d 234 (2010), that exemptions claimed under statutes like these are limited to the dollar value claimed in the exemption. This holds true even when the exemption claimed is equal to the full value of the property as stated in the petition and the trustee had failed to object. *Id.* Only the "interest" in the property equal to the value of the exemption claimed at filing is removed from the estate. *Id.* Thus, while the value of exemptions is frozen as of the date of filing the petition, the fair market value of the homestead property is not. *Id.* at 1211.

As a creditor in the bankruptcy, the Association would share with other creditors in such post-petition appreciation, and a trustee should be appointed to recover any post-petition appreciation resulting from the sale of the Subject Property. In addition, if the case is reopened, the Association requests that Court order that any proceeds from the Debtor's sale of the Subject Property, excluding Debtor's claimed homestead exemption of $5,957.25, be deposited into the Court's registry to preserve the post-petition appreciation for the bankruptcy estate. The

Association has been prejudiced by incurring substantial time and expense in having to responding to Debtor's motions to reopen her bankruptcy case and avoid its judicial lien, and further requests leave to present an application for an award of its attorneys' fees and accounts to account for such prejudice.

## V. RELIEF REQUESTED

For the foregoing reasons, Debtor's Motion to avoid the Association's lien of Judgment against the Subject Property should be denied.

**LAUREL LAW GROUP, PLLC**

By: /s/ J. David Huhs
    J. David Huhs, WSBA #37990
    Attorney for Creditor / River Ridge Townhomes Association

# CERTIFICATE OF SERVICE

On April 20, 2021, I served the foregoing Response to Debtor's Motion to Avoid Lien on the following individuals by electronic means through the Court's ECF program:

DEBTOR'S COUNSEL
Dorothy A. Bartholomew
assistant@findbankruptcy.com

UNITED STATES TRUSTEE
USTPRegion18.SE.ECF@usdoj.gov

On April 20, 2021, I served the foregoing Response to Debtor's Motion to Avoid Lien on the following individuals by depositing true and correct copies thereof in the United States mail, enclosed in a sealed envelope, with postage paid, addressed as follows:

DEBTOR

Kimberly Jo Linebarger
21241 103rd Ct SE
Kent, WA 98031

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 20th day of April 2021.

/s/ Ashley Grover
Ashley Grover, paralegal
Laurel Law Group, PLLC

Certificate of Service

Laurel Law Group, PLLC
5806 119th Ave SE, Suite A #288
Bellevue, Washington 98006
(206) 745-2044